1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JERRY JACKSON,

                                    Plaintiff,

v.

SOLO GROUP MANAGEMENT INC.
dba MONELLO; JMAN AT THE Q, L.P.,
and DOES 1-10, inclusive,

                                    Defendants.

Case No.:  21-cv-268-CAB-BLM

**ORDER DECLINING
SUPPLEMENTAL JURISDICTION
OVER STATE LAW CLAIM**

The complaint in this action asserts one claim under federal law for violation of the Americans with Disabilities Act ("ADA"), along with a claim for violation of California's Unruh Act.  The complaint asserts jurisdiction based on the existence of a federal question (the ADA claim), and supplemental jurisdiction over the state claim.

Federal courts have the discretion to exercise supplemental jurisdiction over all claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Even if supplemental jurisdiction exists, however, district courts may decline to exercise supplemental jurisdiction over a claim if: (1) it raises

1

1   a novel or complex issue of state law; (2) it substantially predominates over the claim(s)

2   over which the court has original jurisdiction; (3) the court has dismissed all claims over

3   which it has original jurisdiction; or (4) there are other compelling reasons for declining

4   jurisdiction.  28 U.S.C. § 1367(c).  The Supreme Court has identified additional factors

5   that district courts should consider when deciding whether to exercise supplemental

6   jurisdiction, "including the circumstances of the particular case, the nature of the state law

7   claims, the character of the governing state law, and the relationship between the state and

8   federal claims."  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

9   "While discretion to decline to exercise supplemental jurisdiction over state law

10   claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by

11   the *Gibbs*[1] values 'of economy, convenience, fairness, and comity.'"  *Acri v. Varian*

12   *Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citations omitted).  A district

13   court need not "articulate why the circumstances of [the] case are exceptional" to dismiss

14   state-law claims pursuant to 28 U.S.C. section 1367(c)(1)-(3).  *San Pedro Hotel Co., Inc.*

15   *v. City of L.A.*, 159 F.3d 470, 478–79 (9th Cir. 1998) (citation omitted).

16   Here, the complaint states a federal claim for violation of the ADA, along with a

17   state law claim for violation of the Unruh Act.  As a result, while the ADA does not entitle

18   a plaintiff to recover damages, the complaint seeks statutory damages under the Unruh Act.

19   Meanwhile, the same injunctive relief available under the ADA is also available under the

20   Unruh Act.  *See Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017)

21   (noting that "[i]t is unclear what advantage—other than avoiding state-imposed pleading

22   requirements—Plaintiff gains by being in federal court since his sole remedy under the

23   ADA is injunctive relief, which is also available under the Unruh Act.").  Thus, the state

24   claim and the issues related thereto substantially predominate over the ADA claim, which

25   appears to be a secondary claim included to justify filing the complaint in this Court, rather

26

27   ───────────────

28   [1] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

1    than a necessary (let alone predominant) claim in this lawsuit.  *See Rutherford v. Ara*

2    *Lebanese Grill*, No. 18-CV-01497-AJB-WVG, 2019 WL 1057919, at *3 (S.D. Cal. Mar.

3    6, 2019) (declining supplemental jurisdiction over Unruh Act claim because Unruh Act

4    claim substantially predominated over ADA claim).

5         In addition, the important interest of comity supports declining jurisdiction.  *See*

6    *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that comity is a factor

7    to be considered before exercising supplemental jurisdiction).  California has a strong

8    interest in protecting its citizens and businesses from abusive litigation and also in

9    preventing its own laws from being misused for unjust purposes.  In 2012, in an attempt to

10   deter baseless claims and vexatious litigation, California adopted heightened pleading

11   requirements for disability discrimination lawsuits under the Unruh Act.  *See* Cal. Civ.

12   Proc. Code § 425.50[2]; SB 1186, Chapter 383 § 24 (Ca. 2012).  Over the last three months,

13   Plaintiff has filed over two dozen disability discrimination cases in this court in the past

14   two years, and currently has five disability discrimination cases pending in this court.

15   Accordingly, the need for California's procedural protections appears particularly acute.

16        Finally, "federal courts may properly take measures to discourage forum shopping."

17   *Rutherford v. Econolodge*, No. 18CV1471-LAB (JMA), 2019 WL 950329, at *3 (S.D. Cal.

18   Feb. 27, 2019) (citing *Hanna v. Plumer*, 380 U.S. 460, 467–68 (1965)); *Schutza v.*

19   *Cuddeback*, 262 F. Supp. 3d at 1031 (holding that plaintiff who had filed numerous ADA

20   actions in federal court was engaging in forum shopping "to avoid California's heightened

21   pleading requirements for disability discrimination claims.").  "[I]t would be improper to

22   allow Plaintiff to use the federal court system as a loophole to evade California's pleading

23   requirements."  *Rutherford v. Ara Lebanese Grill*, 2019 WL 1057919, at *5.  "Therefore,

24

25   _____

26   [2] Under the Unruh Act, a plaintiff alleging disability discrimination must include in her complaint: (1) an
     explanation of the specific access barrier or barriers encountered; (2) the way in which the barrier denied
27   the individual full and equal access, or in which it deterred the individual on each particular occasion. (3)
     the date/s when the claimant encountered the specific barriers.  The section also contains additional
28   requirements for high-frequency litigants.  Cal. Civ. Proc. Code § 425.50.

as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's [state law claims]." *Schutza v. Cuddeback*, 262 F. Supp. 3d at 1031.

In sum, because (1) Plaintiff's state law claim predominates over his federal claim under the ADA, and (2) the interests of comity and discouraging forum shopping constitute exceptional circumstances, the Court sua sponte declines supplemental jurisdiction over the second cause of action in the complaint.  Plaintiff's second claim for violation of the Unruh Civil Rights Act is **DISMISSED WITHOUT PREJUDICE** to refiling in state court.

It is **SO ORDERED**.

Dated:  February 16, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge

4